944 F.2d 901
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
v.
Herbert TAYLOR, Respondent.
 No. 90-2902.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 26, 1991.
Decided Sept. 16, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-768-BLA)
 Michael John Denney, Helen Hart Cox, United States Department of Labor, Washington, D.C., for petitioner.
 Herbert Taylor, respondent pro se.
 Ben.Rev.Bd.
 VACATED AND REMANDED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The Director, Office of Workers' Compensation Programs, seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's award of black lung benefits pursuant to 30 U.S.C. §§ 901-945 et seq. Pursuant to the Director's request, we placed this case in abeyance pending the decision of the Supreme Court of the United States in Pauley v. Bethenergy Mines, Inc., 59 U.S.L.W. 4778 (U.S. June 24, 1991). We agree with the Director that the Court's recent decision in the cited case necessitates that we remand the instant case for further proceedings consistent with Pauley, supra.
 
 
 2
 In his initial consideration of this case, the ALJ found the evidence sufficient to invoke the interim presumption pursuant to 20 C.F.R. § 727.203(a)(1), but also sufficient to establish rebuttal pursuant to § 727.203(b)(3). The Board vacated and remanded because the ALJ failed to adequately discuss all medical evidence relevant to these rebuttal subsections and for a consideration of new evidence submitted by Taylor. In his Decision and Order on Remand, the ALJ evaluated the claim under the criteria set forth in 20 C.F.R. § 410.490 pursuant to our decision in Broyles v. Director, OWCP, 824 F.2d 327 (4th Cir.1987), aff'd sub nom. Pittston Coal Group v. Sebben, 488 U.S. 105 (1988). The ALJ again found that Taylor established invocation of the interim presumption, but that the evidence was insufficient to establish rebuttal under the two rebuttal methods available under that statutory scheme, Section 410.490(c)(1) and (c)(2). The Board affirmed, rejecting the Director's contention that the ALJ erred by failing to consider whether the Section 410.490 presumption could be rebutted pursuant to Section 727.203(b)(3).
 
 
 3
 In view of the Supreme Court's decision in Pauley, it is now clear that the interim presumption, whether invoked pursuant to 20 C.F.R. § 727.203(a) or § 410.490(b), is subject to rebuttal under § 727.203(b)(3) by evidence demonstrating that the miner's disability does not, or did not, arise out of coal mine employment. See Pauley, supra, at 4784, 4785. Since the Board's original decision noted that the record contained evidence sufficient to support a finding of rebuttal pursuant to subsection (b)(3), and the ALJ never reconsidered that subsection on remand, we vacate the decision of the Board and remand to the Board for further remand to the ALJ for consideration of subsection (b)(3) rebuttal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 VACATED AND REMANDED.